# EXHIBIT C

LIFE PRISONER EVALUATION REPORT
SUBSEQUENT PAROLE CONSIDERATION HEARING
FEBRUARY 2004 CALENDAR

**LUJAO, SIMEON**                                                                 D-94153

I.   **COMMITMENT FACTORS:**

   A.   **Life Crime:** Murder 2nd Degree, PC 187, San Benito County, Case Number 3049, Sentence: 15 years to Life. Victim: Arturo Buscato Vasaya, Age: unknown; MEPD: 1/5/98; Received by CDC: 9/2/88.

   1.   **Summary of Crime:** On February 6, 1988, at approximately 9:00 p.m., deputies responded to a reported attempted murder which had occurred on Highway 101 within the county boundaries. After arriving at the scene, deputies contacted witness Lowell Ronolo who told deputies that while he was driving towards San Jose, Simeon Lujao, attacked a passenger in the vehicle, Arturo Vasaya, with a knife. Lujao was arrested at the scene without incident. Officers noted Lujao was covered with blood and he had a bloody knife in his possession. The victim died at the scene of the offense. Cause of death were multiple stab wounds. (Source document: POR).

   2.   **Prisoner's Version:** During an interview for the report, Lujao stated that his version remains the same as stated in his previous Board Report dated 2/20/00. In that report he stated the following: While Lujao and two others were riding towards San Jose, California on Highway 101 Northbound, Lujao and his cousin, the victim, were discussing politics as it related to their home country the Philippines. The victim, Arturo Vasaya, was complaining about the problems his family was having in the Philippines. Vasaya wanted Lujao, through his political connections, to resolve these family issues. Lujao who had been awake for the past two days became incensed and stabbed Vasaya eleven (11) times. The driver of the car, Lowell Ronolo, stopped the vehicle, took the keys and went for help. Lujao attempted to hitchhike away from the scene but was unable to do so. Vasaya died in the back seat of the car.

   3.   **Aggravating/Mitigating Circumstances:**

       a.   **Aggravating Factors:**

LUJAO, SIMEON            D-94153            CTF-SOLEDAD            FEB/2004

SENT TO I/M ON 4-22-04

    1. The victim was particularly vulnerable and unarmed.
    2. The prisoner had a special relationship of confidence and trust with victim.
    3. During the commission of the crime, the prisoner had a clear opportunity to cease but instead continued.
    4. The prisoner has engaged in other reliably documented criminal conduct (use of a deadly weapon), which was an integral part of the crime for which the prisoner is currently committed to prison.

    **b.**    <u>**Mitigating Factors:**</u>

    1. The crime was committed because of an unusual circumstance, such as possible mental disorder, which is unlikely to recur.

**B.**    <u>**Multiple Crime(s)**</u>: N/A

    1.   <u>**Summary of Crime:**</u> N/A.

    2.   <u>**Prisoner's Version:**</u> N/A.

**II.**   <u>**PRECONVICTION FACTORS:**</u>

    **A.**   <u>**Juvenile Record**</u>: None.

    **B.**   <u>**Adult Convictions**</u>: The instant offense is Lujao's only adult conviction per CII, FBI, and POR.

    **C.**   <u>**Personal Factors**</u>: Lujao is the oldest of 11 children. His including his parents, and family reside in the Philippines. He went to college and earned a Teaching Certification but never became a teacher. He preferred instead to collect money for a bus company. This company later went bankrupt. Lujao eventually owned and operated a bakery. Eventually he became involved in politics and became an influential member of the Mayor's office. When he became a member of the Mayor's office, he sometimes would stand in for the Mayor. The Mayor trusted him and allowed Lujao to become administrator of a bus company. The Mayor eventually became a congressman and Lujao's involvement increased. He accompanied the congressman on extended trips and vacations. When the congressman's son enrolled in college, Lujao was expected, out of loyalty, to be his housemate and take care of the son's needs while he attended college in

LUJAO, SIMEON           D-94153           CTF-SOLEDAD           FEB/2004

Sacramento. The congressman's family persuaded Lujao to stay in California to provide for their son. In doing so, he violated his visa status and became an illegal alien. This depressed Lujao because he did not know when or how he was going to get to his family in the Philippines. (Source document: POR).

III. **POSTCONVICTION FACTORS:**

    A. **Special Programming/Accommodations:** None.

B.     **Custody History:** Received at DVI-RC on 9/2/88 for his initial processing. Lujao transferred to CSP- Folsom Level IV on 10/13/88; custody Close "A" and was placed on the academic waiting list. He was assigned to school, and received excellent grades. He was received at CMF-South on 12/4/89, and his custody was established at Medium "A" and assigned to the PIA Bookbindery program. His Work Supervisor Reports reflect above average and exceptional work grades. The prisoner was involved with the M-2 Sponsor Program and he completed the "Breaking Barriers" Program by completing (30) hours of program participation per CDC 115 dated 11/15/91. No other self-help, vocational or educational programs noted. Received at CTF on 4/13/93. Lujao received his initial review on 4/19/93, with a custody of Close B and released to the general population. He was placed on the Support Services and Textiles Waiting List. His work history consisted of textiles, porter, clerk, and waste management worker. His work reports indicate above average to outstanding work grades. He participated in the Children's Walk-A-Thon per CDC 128B dated 4/28/95. He was placed on Confined to Quarters status, pending an investigation into an incident that occurred on the CTF-Central Facility Yard per a CDC 128B dated 6/1/96. There is no documentation in the C-File regarding the completion of the investigation. Per CDC 128C dated 9/1/98, he participated and completed the "Lifeskills" program. He received his orientation on safety policies and procedures during his initial orientation process to PIA Textiles work assignment per CDC 128B dated 9/21/01. However, Lujao was counseled regarding his negligent performance of his job task while assigned to the textiles department. His actions resulted in great expense and extensive repair of several hundred garments per a CDC 128B dated 5/13/02. On 6/12/03 he received a laudatory chrono for his dedication and hard work, as a Leadman to the Prison Industry Authority's Fabric Enterprise. He received a CDC 128B dated 11/7/03 for participation in a three (3) hours of Video Instruction and Discussion for issues related to successfully re-engaging into society. However, Lujao during this review period, has not involved himself in any self-help group or clinical therapy or complete a vocation or has upgraded educationally.

    C. **Therapy and Self-Help Activities:** None during this review period.

    D. **Disciplinary History:** None since his incarceration. However, he has a CDC 128A dated 10/24/96 for Smoking. (See Disciplinary Sheet).

    E.    **Other:** On 2/21/02, Lujao was seen by the Board of Prison Terms for his Subsequent Hearing #3. The Board denied his parole for two (2) years. The panel recommended and request that the prisoner: 1) Remain disciplinary free, 2) Upgrade vocationally and educationally and 3) Participate in self-help therapy programs.

IV.    **FUTURE PLANS:**

    A.    **Residence:** Upon release from prison, Lujao plans to return to the Philippines and reunite with his family and reside with his eldest daughter, Myla L. Masayon at the Emily Homes Subdivision, Phase 1, Block 25, Lot #8 Tres De Mayo, Digo City, Davao Del Sur, Philippines. 8002. Telephone: Country code: #63 (082) 553-8246.

    B.    **Employment:** Lujao states that his best opportunities for employment are currently in the Philippines within his families business. He states that he has been offered a position as a personnel manager or operations manager in his daughter's trucking business, pineapple plantation and as a driver in his son's airport shuttle bus business; or sewing machine operator at White Gold Tailoring Shop, Digos City, Davao Del Sur, Philippines and self-employment in the family bakery.

    C.    **Assessment:** Parole plans have been reviewed and discussed with Lujao. It appears that he has family support that will provide him with a place of residence, and provide financial assistance until he can establish himself in a job or businesses. He has skills in textiles, bakery, educator and administrative work. However, there are no recent letters of employment offers in the Central File at the present time if he was to be released from prison to the last county of residence. See attached letter from Lujao regarding his parole plans.

V.    **USINS STATUS:** Lujao has a valid Philippine Immigration Hold #A27560049. The contact person for USINS noted in the file is J. Goodwin, Telephone #(408) 918-3987.

VI.    **SUMMARY:**

    A.    Considering the commitment offense, lack of prior record and prison adjustment, the writer believes the prisoner would probably pose a low degree of threat to the public at this time, if released from prison. This assessment of dangerousness is based on the prisoner's disciplinary free behavior since his incarceration while in a controlled setting. During the prisoner's incarceration, he received one (1) CDC 128a dated 10/24/96 for Smoking a Cigarette. During this review period, Lujao's

work experience consisted of PIA textiles assignment which he earned satisfactory work grades according to his work supervisor reports. However, Lujao's Central File reflects no vocational or educational upgrading experience during this period. His parole plans were discussed and appeared to be solid in the Philippines. However, there are no supporting letters of employment offers noted in the Central File if Lujao was to be released to the last county of residence in California. While discussing the issues of the life crime, Lujao expressed remorse for killing the victim. He stated that the crime should have never happened and the victim never deserved to die. He states that the victim challenged him on the day of the crime, stating that he was very influential and had connections in the Philippines. Lujao continued to state that his cousin (victim) expected to help him to use influence to take care of a relative of the victim's in the Philippines. When he was asked his motive for stabbing the victim, Lujao states that he was being challenged by the victim, and he pulling out a knife started stabbing him. During this interview, Lujao was asked why he did not seek or participate in any self-help programs as recommended by the Board of Prison Terms. Lujao stated that he didn't participate in self-help programs is because he was not an alcoholic and didn't use drugs. However, it appears based on this interview, that Lujao needs to seek some type of on-going clinical therapy or participated in a self-help program in order to understand an deal with the factors that precipitated the commitment offense.

B. Prior to release the prisoner could benefit from:

1. Remaining disciplinary free;
2. Upgrade educationally and vocationally; and
3. Participate in self-help programs.

C. This report is based on an interview with the prisoner on 12/8/03 lasting approximately (1) hour and a complete review of the Central File lasting (3) hours.

D. Prisoner was afforded an opportunity to review his Central File, per the Olson Decision, on 11/5/03. Lujao refused to review his Central File, stating, "Nothing has changed", and as indicating by his signature per the CDC 128-B dated 11/5/03. This chrono is located in the General Chrono section of the Central File.

E. No accommodation was required per the Armstrong vs. Davis BPT Parole Proceedings Remedial Plan (ARP) for effective communication.

LUJAO, SIMEON        D-94153        CTF-SOLEDAD        FEB/2004

LIFE PRISONER EVALUATION REPORT
PAROLE CONSIDERATION HEARING
2004 CALENDAR

6

_____     4-14-04
H. Staten                     Date
Correctional Counselor I


_____     4-20-04
R. Leach                      Date
Correctional Counselor II


_____     4-20-04
R. Pope                       Date
Facility Captain


_____     4-21-04
D. S. Levorse                 Date
Classification and Parole Representative


LUJAO, SIMEON          D-94153          CTF-SOLEDAD          FEB/2004